UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JEAN FISHER PHILLIP,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:21-CV-3364 |
| **TEXAS MUTUAL INSURANCE COMPANY AND L.C. PERSONNEL INC.,** | § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendant Texas Mutual Insurance Company's Motion to Dismiss under Rule 12(b)(1) and Rule 12(b)(6) and Alternative Rule 12(e) Motion for More Definite Statement. (Dkt. No. 8.) Also pending before the court are Plaintiff's Motion for Non-Dismissal and Motion for No Relief. (Dkt. Nos. 18, 19.) Based on a thorough review of the motions, arguments, and relevant law, the Court **RECOMMENDS** the Motion to Dismiss be **GRANTED** and all other pending motions be **DENIED AS MOOT**.

### I.  BACKGROUND

This action arises from a workplace accident. On January 7, 2020, Plaintiff Jean Fisher Phillip ("Plaintiff") was allegedly injured by falling when attempting to attach a cable during her work as a dock worker for L.C. Personnel, Inc. (Dkt. No. 2 at 24, 30; Dkt No 8-1 at 2.) Plaintiff originally filed this *pro se* action against Texas Mutual Insurance Company on July 15, 2021, in the Justice Court (Precint 1, Place 2). (Dkt. No. 2 at 21; Dkt No. 8 at 3.) That court dismissed the case on September 16, 2021, for lack of jurisdiction. (Dkt. No. 2 at 21.) On October 13, 2021, Plaintiff filed her claim in this Court against Texas Mutual Insurance Company and L.C. Personnel, Inc.

(Dkt. No. 1.) While Plaintiff's complaint is unclear, she appears to be bringing a worker's compensation claim. (*Id.*)

## II. LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction" and their power cannot be expanded by judicial decree. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). As a result, a defendant may remove a civil case from state to federal court only when the federal court maintains original subject matter jurisdiction over the action, either through diversity or federal question jurisdiction. 28 U.S.C. § 1441(a); *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010). "Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction." *Crowell v. Lahood*, No. CIV.A. H-09-1788, 2011 WL 147913, at *1 (S.D. Tex. Jan. 18, 2011). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) allows a defendant to move to dismiss a complaint based on failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint need

not contain detailed factual allegations, it "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that . . . raise a right to relief above the speculative level." *Wilson v. Hous. Cmty. Coll. Sys.*, 955 F.3d 490, 500 (5th Cir. 2020) (quotations omitted).

In reviewing a 12(b)(6) motion, a court must accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (quotations omitted). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers but are nonetheless insufficient if they contain only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Ganheart v. Brown*, 740 F. App'x 386, 389 (5th Cir. 2018) (quotations and alterations omitted). "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

### III.    FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Defendant asserts that this action falls under the Longshore Harbor Worker's Compensation Act ("LHWCA"). (Dkt. No. 8 at 2.) "The LHWCA provides a comprehensive workers compensation scheme for longshoreman, harbor workers and other maritime laborers injured during the course of their employment." *In re ADM/Growmark River Sys., Inc.*, 234 F.3d 881, 886 (5th Cir. 2000).

> For the LHWCA to apply, the injured person must be injured in the course of his employment, 33 U.S.C. § 902(2) (1982 ed.); his employer must have employees who are employed in maritime employment, § 902(4); the injury must occur 'upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a

> vessel),' 33 U.S.C. § 903(a) (1982 ed., Supp. V); and the employee who is injured within that area must be a 'person engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harborworker including a ship repairman, shipbuilder, and ship-breaker, but such term does not include' certain enumerated categories of employees, § 902(3).

*Chesapeake & Ohio Ry. Co. v. Schwalb*, 493 U.S. 40, 45, (1989). Here, Plaintiff reported that the alleged injury took place during her job as a dock worker at Jacinto Port. (Dkt. No. 2 at 24.) Thus, Plaintiff falls under the LHWCA. *See, e.g.*, *Roy on Behalf of Charlot v. Bethlehem Steel Corp.*, 838 F. Supp. 312, 315–16 (E.D. Tex. 1993) (applying LHWCA to a "dock worker").

This statute includes an "Exclusiveness of Liability Provision," which instructs that "[t]he liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee." 33 U.S.C.A. § 905 (West). This exclusivity also applies to insurers. *Nadheer v. Ins. Co. of Pennsylvania*, 506 F. App'x 297, 301 (5th Cir. 2013) ("We have long held that claims against insurers, in addition to claims against employers, are implicitly preempted by the LHWCA's exclusivity provision."). "Worker's compensation laws, like the LHWCA, typically replace a negligence action with an administrative system as the method for determining an employee's right to, and amount of, compensation for injuries sustained on the job." *Fontenot v. AWI*, Inc., 923 F.2d 1127, 1132 (5th Cir. 1991). "The LHWCA and Department of Labor's ("DOL") implementing regulations have established a three-tier process for adjudicating claims: 1) informal mediation before the district director; 2) formal hearings and fact-findings by an ALJ; and 3) appellate review by the Board (potentially followed by a circuit court). Claims are initially administered by the district director." *Craven v. Dir., Off. of Workers Comp. Programs*, 604 F.3d 902, 905–06 (5th Cir. 2010) "[N]o one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51 (1938).

Here, Plaintiff has not exhausted the administrative system set out in the LHWCA because the process has not been completed.[1] Plaintiff filed suit without having a hearing before an ALJ or appealing to the Benefits Review Board. (Dkt. No. 8-1 at 2.) Thus, this Court does not have jurisdiction over her claim because she has not exhausted administrative remedies. *See Ingalls Shipbuilding, Inc. v. Asbestos Health Claimants*, 17 F.3d 130, 133 (5th Cir. 1994) (citing 33 U.S.C. § 921(c)) ("Review by this Court is limited to final orders made by the Board in the exercise of its adjudicatory authority."). Therefore, the Court recommends this claim be dismissed.

IV.     **FAILURE TO STATE A CLAIM**

Here, even when liberally construed, Plaintiff's complaint and attached documents fail to state a claim. The complaint omits all factual allegations whatsoever, fails to assert any causes of action, makes no mention of the relief sought, and does not include a statement explaining the grounds for this Court's jurisdiction. (*See* Dkt. No. 1.) Plaintiff submitted her complaint as an Employment Discrimination Complaint form but it does not appear to allege any kind of discrimination. (*Id.*) Instead, it appears that this is a worker's compensation claim, as the only statement she gives as to her complaint is "medical – lost wages [and] suffering." (*Id.*) Plaintiff's complaint is altogether nonsensical, as are her other various motions. (*See* Dkt. Nos. 1, 18, 19.)

Plaintiff has thus failed to state a claim upon which relief can be granted. *See, e.g.*, *Hamilton v. Czyzyk*, No. 16-CV-994, 2017 WL 5649608, at *1 (S.D. Tex. Mar. 31, 2017) (granting 12(b)(6) motion to dismiss "[b]ecause the plaintiff's complaint is incomprehensible, does not appear to state the grounds upon which this Court's jurisdiction depends and does not contain a short and plain statement showing that he is entitled to relief or damages for which this Court can award"), *aff'd sub nom. Hamilton v. Trump*, 697 F. App'x 325 (5th Cir. 2017); *Garcia v. Chase*

---

[1] Plaintiff's case is currently pending before an ALJ. (Dkt. No. 14 at 2.)

*Home Fin., LLC*, No. 10-CV-1015, 2011 WL 901392, at *2 (W.D. Tex. Mar. 15, 2011) (finding plaintiff's complaint failed to state a claim because it failed to specify any cause of action). Thus, the Court also recommends that the Motion to Dismiss be granted based on Plaintiff's failure to state a claim.

The Fifth Circuit has held that "district courts should not dismiss *pro se* complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case." *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011); *see also Fierro v. Knight Transp.*, No. 12-CV-218, 2012 WL 4321304, at *8 (W.D. Tex. Sept. 18, 2012) ("Because Rule 12(b)(6) dismissals of *pro se* complaints are disfavored, a court should grant a *pro se* party every reasonable opportunity to amend.") (quotations and alterations omitted). This is true even when a plaintiff fails to respond to the motion to dismiss or request leave to amend. *See, e.g.*, *Davis v. Am. Mortg. Network, Inc.*, No. 11-CV-1690, 2012 WL 13018977, at *2 (N.D. Tex. Jan. 18, 2012), *report and recommendation adopted*, 2012 WL 537594 (Feb. 16, 2012); *Ramirez v. United States*, No. 01-CV-717, 2003 WL 22123463, at *2 (N.D. Tex. Mar. 6, 2003). However, as discussed above, Plaintiff needs to first exhaust administrative remedies before filing in this Court. Therefore, this Court does not recommend that Plaintiff be given leave to amend her complaint by providing a more definite statement because the Court lacks necessary jurisdiction.

V.   **CONCLUSION**

Based on the foregoing, the Court **RECOMMENDS** Defendant's Motion to Dismiss be **GRANTED WITHOUT PREJUDICE** (Dkt. No. 8). The Court also **RECOMMENDS** Defendant's Alternative Motion for a More Definite Statement, Plaintiff's Motion for Non-Dismissal, and Plaintiff's Motion for No Relief (Dkt. Nos. 18, 19) be **DISMISSED AS MOOT.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections or responses shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on November 14, 2022.

Sam S. Sheldon
United States Magistrate Judge